**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Troy Lamar MORTON, Defendant—**
**Appellant.**

No. 05–7887.

United States Court of Appeals,
Fourth Circuit.

Submitted: Feb. 16, 2006.

Decided: Feb. 23, 2006.

Troy Lamar Morton, Appellant Pro Se.
Douglas Scott Broyles, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

Before MICHAEL and DUNCAN,
Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM:

Troy Lamar Morton, a federal prisoner,
seeks to appeal the district court's order
dismissing his motion filed pursuant to
Fed.R.Civ.P. 60(b), which the district court
construed as a successive 28 U.S.C. § 2255
(2000) motion. The order is not appealable unless a circuit justice or judge issues
a certificate of appealability. 28 U.S.C.
§ 2253(c)(1) (2000); *Reid v. Angelone,* 369
F.3d 363, 369 (4th Cir.2004). A certificate
of appealability will not issue for claims
addressed by a district court absent "a
substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)
(2000). A prisoner satisfies this standard
by demonstrating that reasonable jurists
would find both that the district court's
assessment of his constitutional claims is
debatable or wrong and that any dispositive procedural rulings by the district
court are also debatable or wrong. *See
Miller-El v. Cockrell,* 537 U.S. 322, 336,
123 S.Ct. 1029, 154 L.Ed.2d 931 (2003);
*Slack v. McDaniel,* 529 U.S. 473, 484, 120
S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose
v. Lee,* 252 F.3d 676, 683 (4th Cir.2001).
We have independently reviewed the record and conclude that Morton has not
made the requisite showing. Accordingly,
we deny a certificate of appealability and
dismiss the appeal.

Additionally, we construe Morton's notice of appeal and informal brief on appeal
as an application to file a second or successive motion under 28 U.S.C. § 2255. *See
United States v. Winestock,* 340 F.3d 200,
208 (4th Cir.2003). In order to obtain
authorization to file a successive § 2255
motion, a prisoner must assert claims
based on either: (1) a new rule of constitutional law, previously unavailable, made
retroactive by the Supreme Court to cases
on collateral review; or (2) newly discovered evidence that would be sufficient to
establish by clear and convincing evidence
that no reasonable factfinder would have
found the petitioner guilty of the offense.
28 U.S.C. §§ 2244(b)(2), 2255 (2000). Morton's claims do not satisfy either of these
conditions. We therefore deny authorization to file a successive § 2255 motion.
We dispense with oral argument because
the facts and legal contentions are adequately presented in the materials before
the court and argument would not aid the
decisional process.

*DISMISSED*